UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PSHATOIA LAROSE,<br><br>                          Plaintiff,<br><br>    v.<br><br>OFFICE OF CHIEF FINANCIAL OFFICER, *et al*.,<br><br>                         Defendants. | Case No. 25-cv-3684 (JMC) |

**MEMORANDUM OPINION**

This matter is before the Court for review of Plaintiff's *pro se* Amended Complaint ("Compl."), ECF No. 1-1.[1] Plaintiff sues "the Office of Chief Financial Officer," the "Office of the General Counsel," and the Biden Administration ("Defendants").[2] *See* Compl. at 1. The Complaint devolves into ruminations regarding a conspiracy of wrongdoing orchestrated against her by Defendants, including electronically stalking and harassing her, and accuses a number of celebrities of reusing her personal data without permission. *See id*. She demands a jury trial and $9.5 million in damages. *See id*. at 1–2. For the reasons discussed below, the Court **DISMISSES** the complaint for failure to comply with Federal Rule of Civil Procedure 8(a).

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of

---

[1] Plaintiff originally filed her suit in the Superior Court of the District of Columbia, but Defendants removed the case to this Court on October 16, 2025. ECF 1.

[2] Plaintiff also fails to provide addresses for Defendants in contravention of D.C. LCvR 5.1(c)(1).

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, the Complaint is neither short nor plain, *see* Fed. R. Civ. P. 8(a), the allegations cannot be described as simple, concise, and direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b).

When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). And "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's Complaint falls squarely into this category. Furthermore, Plaintiff's complaint contains no factual support for her assertions that a far-reaching government conspiracy has been orchestrated against her. *See* Compl. at 1 (asserting that the "U.S. Government, President Biden, IC3.gov, Local Police and FBI" have been "Electronically and Virtually" stalking and harassing Plaintiff and stealing her data). Plaintiff, based on speculation only, offers "only 'a laundry list of wrongful acts and conclusory allegations to support her theory of a conspiracy,'" and such allegations are patently "'insufficient to allow the case to go forward.'" *Curran v. Holder*,

626 F. Supp. 2d 30, 34 (D.D.C. 2009) (dismissing for lack of subject matter jurisdiction as frivolous) (quoting *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 233 (D.D.C. 2007)).

Plaintiff's complaint is therefore dismissed for failure to comply with Rule 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court will grant Plaintiff leave to refile within 30 days (i.e., by January 7, 2026) an amended complaint that cures the existing deficiencies. If she does not file an amended complaint within that timeframe, files an amended complaint that recycles the present complaint, or otherwise fails to comply with Rule 8, this action may be dismissed with prejudice. *Brown*, 164 F. Supp. 3d at 35. A separate order accompanies this memorandum opinion.

For all the above stated reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

_____
JIA M. COBB
United States District Judge

Date: December 8, 2025